UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEKOVEN JOHNSON, | NO. CV 13-5818-JSL (AGR) |
| Petitioner, | |
| v. | |
| TIM VIRGA, Warden, | OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | |

On August 9, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Los Angeles County Superior Court in 2002. (Petition at 2.)

## I.

## PROCEDURAL BACKGROUND

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California, *Johnson v. Castellaw*, Case No. CV 06-3263-JSL (RC) ("*Johnson I*").

On June 24, 2002, Petitioner was convicted of two counts of attempted murder and sentenced to 68 years to life. (Petition at 2).

1     In *Johnson I*, a Report issued on the merits on March 29, 2007,

2  recommending that the petition be denied and the action dismissed with

3  prejudice.  *Johnson I*, Dkt. No. 18-19.  On July 3, 2007, the Court adopted the

4  Report and entered judgment dismissing the petition with prejudice.  *Id.*, Dkt. Nos.

5  24-25.  On August 27, 2007, Petitioner filed a notice of appeal.  *Id.*, Dkt. No. 28.

6  On January 4, 2010, the Ninth Circuit issued its mandate affirming the judgment.

7  *Id.*, Dkt. No. 39.

8                                    **II.**

9                              **DISCUSSION**

10     The Petition was filed after enactment of the Antiterrorism and Effective

11  Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

12  in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,

13  138 L. Ed. 2d 481 (1997).

14     The AEDPA provides, in pertinent part:  "Before a second or successive

15  application permitted by this section is filed in the district court, the applicant shall

16  move in the appropriate court of appeals for an order authorizing the district court

17  to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not

18  have jurisdiction to consider a "second or successive" petition absent

19  authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152, 127 S.

20  Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th

21  Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence

22  of proper authorization from the court of appeals, consider a second or

23  successive habeas application.") (citation and quotation marks omitted).

24     Here, the Petition is a second or successive petition challenging the same

25  conviction and sentence imposed by the same judgment of the state court as in

26  *Johnson I*.

27     Rule 4 of the Rules Governing Section 2254 Cases in the United States

28  Courts provides that "[i]f it plainly appears from the face of the petition and any

                                    2

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, summary dismissal is warranted.

**III.**

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED:_____   Sept. 18, 2013

_____
J. SPENCER LETTS
United States District Judge

3